| | |
|---|---|
| 1 | NANCY JOHNSON, CA STATE BAR NO. 111615 |
| | LAURA PALAZZOLO, CA STATE BAR NO. 210954 |
| 2 | SARA L. POLLOCK, CA STATE BAR NO. 281076 |
| | BERLINER COHEN |
| 3 | TEN ALMADEN BOULEVARD |
| | ELEVENTH FLOOR |
| 4 | SAN JOSE, CALIFORNIA 95113-2233 |
| | TELEPHONE: (408) 286-5800 |
| 5 | FACSIMILE: (408) 998-5388 |
| | nancy.johnson@berliner.com |
| 6 | laura.palazzolo@berliner.com |
| | sara.pollock@berliner.com |
| 7 | |
| | ATTORNEYS FOR DEFENDANTS TELEPATH |
| 8 | CORPORATION |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No. BK-03-56788 ASW |
| TELEPATH CORPORATION | |
| Debtor. | Chapter 11 |
| CAMPEAU GOODSELL SMITH, L.C., a law corporation, | Adv. Pro. No. 14-5041 |
| Plaintiff, | ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED; AND QUANTUM MERUIT |
| v. | |
| TELEPATH CORPORATION, and DOES 1 through 20, | |
| Defendants. | |

Defendant TELEPATH CORPORATION ("TelePath"), for itself alone and for no other Defendant, hereby answers the unverified Complaint of Plaintiff CAMPEAU GOODSELL SMITH, L.C. ("CGS") as follows:

<u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of said Complaint, the whole thereof, including each and every alleged cause of action contained therein, and further denies that Plaintiff is entitled to the relief requested or

**ADV. CASE NO. 14-5041**
**CASE NO. BK-03-56788 ASW**
-1-
ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005
Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 1 of 9

any relief at all, that Plaintiff sustained or will sustain damages in the sum or sums alleged, in any other sum, or at all, or is entitled to attorneys' fees in the sum or sums alleged, or any other sum or sums, or at all.

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

1. As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### [Statute of Limitations]

2. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure sections 335 through 349.4, including, but not limited to, [sections 337, 337(a), 337.1, 337.5, 337.15, 337.2, 338, 338.1, 339(1), 339.5, 340(3), and 343]; and [sections 2607(3)(a), 2725(1) and (2) of the California Commercial Code].

## THIRD AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

3. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff failed to mitigate the alleged damages, if any, which it claims to have sustained and recovery should be barred or diminished accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### [In Pari Delicto]

4. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges the affirmative defense of in pari delicto.

**ADV. CASE NO. 14-5041**
**CASE NO. BK-03-56788 ASW**

-2-

ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041   Doc# 9   Filed: 05/05/14   Entered: 05/05/14 10:34:26   Page 2 of 9

## FIFTH AFFIRMATIVE DEFENSE

[Obligation Extinguished by Performance]

5. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred by the provisions of California Civil Code section 1473.

## SIXTH AFFIRMATIVE DEFENSE

[Accord and Satisfaction]

6. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred by the principles of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

[Payment]

7. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred because payment was made.

## EIGHTH AFFIRMATIVE DEFENSE

[Failure to Arbitrate]

8. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the covenant of good faith and fair dealing requires that Plaintiff submit this matter to arbitration pursuant to the contract between Plaintiff and this answering Defendant, that such arbitration is a condition precedent to any right of legal or equitable action, and that Plaintiff's failure to do so precludes maintaining this Complaint.

## NINTH AFFIRMATIVE DEFENSE

[Failure to Perform Conditions, Covenants and Promises]

9. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff has failed to perform all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the written contract.

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-3-
ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 3 of 9

## TENTH AFFIRMATIVE DEFENSE

[Failure/Lack of Consideration]

10. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by a failure and/or lack of consideration, and no cause of action is stated.

## ELEVENTH AFFIRMATIVE DEFENSE

[Prevention]

11. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that it has fully performed the conditions and covenants required to be performed by it unless and until prevented from doing so by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

[Fraud/Intentional and/or Negligent Misrepresentation

in the Execution of the Contract]

12. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred in that the execution of the contract, if any, was procured by unlawful and illegal acts including fraud, intentional and/or negligent misrepresentation.

## THIRTEENTH AFFIRMATIVE DEFENSE

[Statute of Frauds]

13. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by the applicable statute of frauds, including, but not limited to, California Commercial Code section 2201 and California Civil Code section 1624, in that the alleged contract, if any, was not in writing and was for a price of more than $500.00.

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW

-4-

ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041   Doc# 9   Filed: 05/05/14   Entered: 05/05/14 10:34:26   Page 4 of 9

## FOURTEENTH AFFIRMATIVE DEFENSE

[Discharge by Operation of Law]

14. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the obligations of the parties under the terms and conditions of the contract have been discharged by operation of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

[Conduct of Others]

15. As and for a further affirmative defense to the Complaint, and to each an every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which this answering Defendant expressly denies, then those damages were caused by persons other than this answering Defendant and for which this answering Defendant is not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

[Waiver]

16. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which this answering Defendant expressly denies, then Plaintiff is barred by the doctrine of waiver from recovering those damages from this answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

[Estoppel]

17. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which Defendant expressly denies, then Plaintiff is barred by the doctrine of estoppel from recovering those damages from Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

[Unclean Hands]

18. As and for a further affirmative defense to the Complaint and to each and every cause of action contained therein, Defendant alleges that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-5-
ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 5 of 9

## NINETEENTH AFFIRMATIVE DEFENSE

[Contracting Agent Not Authorized]]

19. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that any work performed by Plaintiff was performed under a contract with a purported agent of Defendant, which purported agent was not authorized to enter into such contract.

## TWENTIETH AFFIRMATIVE DEFENSE

[No Book Account With Defendant]

20. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff has no book account with Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

[No Account Stated With Defendant]

21. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that no account was stated in writing between Plaintiff and Defendant, nor has Defendant acknowledged any previous indebtedness to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

[Conflict of Interest]

22. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that a conflict of interest existed as to the services provided by Plaintiff (if any) and that conflict prevents Plaintiff from being paid for the same by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

[Failure to Request Fees In Appropriate Forum]

23. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's services (if any) were performed in the context of Defendant's bankruptcy case and subject to the terms of the confirmed Plan drafted by Plaintiff, which required Plaintiff to request approval of its fees in the Bankruptcy Court.

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-6-
ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 6 of 9

WHEREFORE, TELEPATH CORPORATION prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees; and

4. For such other and further relief as the court deems just and proper.

DATED: MAY 5, 2014                    BERLINER COHEN

                                      BY: */s/ Laura Palazzolo*
                                          LAURA PALAZZOLO
                                          SARA L. POLLOCK
                                          ATTORNEYS FOR DEFENDANT TELEPATH
                                          CORPORATION

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-7-
ANSWER TO COMPLAINT

4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 7 of 9

| | | |
|---|---|---|
| 1 | *Campeau Goodsell Smith v. Telepath Corp.* | Adv. Case No. 14-5041 |

PROOF OF SERVICE

I, Sabina Hall, declare under penalty of perjury under the laws of the United States that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On May 5, 2014, I served the following document(s):

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT, MONEY HAD AND RECEIVED; AND QUANTUM MERUIT

in the following manner:

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, from the sending facsimile machine telephone number of _____. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☐ by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I cause the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

William J. Healy
Campeau Goodsell Smith, L.C.
440 N. 1st Street, Suite 100
San Jose, CA  95112

Nanette Dumas, Ch. 13 Trustee
P.O. Box 50013
San Jose, CA 95150-0013

Office of the U.S. Trustee
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-1-
CERTIFICATE OF SERVICE
4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 8 of 9

1  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on May 5, 2014, at San Jose, California.

*/s/ Sabina Hall*
SABINA HALL

ADV. CASE NO. 14-5041
CASE NO. BK-03-56788 ASW
-2-
CERTIFICATE OF SERVICE

4844-4564-7642v1
LPALA\20138005

Case: 14-05041    Doc# 9    Filed: 05/05/14    Entered: 05/05/14 10:34:26    Page 9 of 9